IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

MYESHA CROOKS, *on behalf of herself*
*and all others similarly situated*,      *

          *Plaintiff*,                    *

     v.                                   *          Civil Action No. RDB-26-0078

COTY DTC HOLDINGS, LLC,                   *

          *Defendant*.                    *

*     *     *     *     *     *     *     *     *     *     *     *     *

**<u>MEMORANDUM ORDER</u>**

Plaintiff Myesha Crooks ("Plaintiff" or "Crooks") originally filed this putative class

action against Defendant Coty DTC Holdings, LLC ("Coty" or "Defendant") in the Circuit

Court for Baltimore City, Maryland, alleging that Coty sent her and other members of the

putative plaintiff class emails with subject lines that appeared to offer "free gifts" from the

beauty brand Kylie Cosmetics. (ECF No. 1; ECF No. 6.) Crooks asserts that the content of

these emails included conditions to receipt of the alleged "free gifts" that were not disclosed

in the subject line. (ECF No. 6.) On that basis alone, she alleges that Coty violated the

Maryland Commercial Electronic Mail Act ("MCEMA"), Md. Code Ann., Com. Law §§ 14-

3001 *et seq.* She seeks only statutory damages of $500 per violation of MCEMA, reasonable

attorneys' fees and costs, and pre-judgment and post-judgment interest on all sums awarded.

(*Id.* at 13.) She does not claim any other injury. (*Id.*) On January 9, 2026, Coty removed this

case to this Court pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C.

§§ 1332(d), 1453(b). (ECF No. 1.)

1

Presently pending before the Court are Coty's Motion to Compel Arbitration and, in the Alternative, to Dismiss (ECF No. 17) and Crooks's Motion to Remand this case to the Circuit Court for Baltimore City (ECF No. 21). The Court has reviewed the parties' submissions; no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2025). This is the third in a series of such MCEMA cases filed by Crooks's attorneys in this Court. *See Mulanena v. Ulta Salon, Cosmetics & Fragrance, Inc.*, JRR-25-3753, 2026 WL 1214932, at *1 (D. Md. May 4, 2026); *Asabre v. Retail Servs. & Sys., Inc.*, PWG-22-148, 2022 WL 4326536, at *2 (D. Md. Sep. 19, 2022). In both *Mulanena* (which Judge Rubin of this Court decided just this past Monday, May 4, 2026) and *Asabre*, this Court ordered a remand to the appropriate Maryland court for lack of Article III standing. Specifically, this Court ruled that the respective plaintiffs' allegations of harm in their putative class action complaints failed to state a concrete injury in fact under the Supreme Court's holding in *TransUnion LLC v. Ramirez*, 594 U.S. 413, 426–27 (2021). This case is essentially identical to *Mulanena* and *Asabre*. Therefore, for the reasons set forth in those cases and expounded below, Crooks's Motion to Remand (ECF No. 21) is GRANTED. Coty's Motion to Compel Arbitration and, in the Alternative, to Dismiss (ECF No. 17) is DENIED AS MOOT. This case shall be REMANDED to the Circuit Court for Baltimore City.

## BACKGROUND

On October 6, 2025, Crooks filed this lawsuit in the Circuit Court for Baltimore City, Maryland. (ECF No. 6.) Her one-count putative class action complaint alleges that Coty "initiated (or conspired to initiate) the transmission of hundreds of commercial electronic mail messages with false or misleading subject lines to [Crooks] and the [putative plaintiff class]."

(*Id.* ¶ 19.) Specifically, she contends that Coty frequently sends emails from its brand, Kylie Cosmetics, with subject lines advertising the availability of "free gifts." (*Id.* ¶ 3.) The body of the emails, however, contained additional conditions to receive these "free gifts," such as minimum purchase requirements. (*Id.*) Crooks claims that these conditions mean that the alleged gifts in the subject lines are not "free." (*Id.* ¶¶ 3–5.) Rather, she asserts that the subject lines are false and misleading in violation of the Maryland Commercial Electronic Mail Act, Md. Code Ann., Com. Law §§ 14-3001 *et seq.* (*Id.* ¶ 8.)

The MCEMA provides, in essence, that a person cannot send, conspire to send, or assist another in sending commercial electronic mail into or out of Maryland that contains "false or misleading information in the subject line that has the capacity, tendency, or effect of deceiving the recipient." Md. Code Ann., Com. Law § 14-3002(b). "[C]ommercial electronic mail" is "electronic mail that advertises real property, goods, or services for sale or lease." *Id.* § 14-3001(b)(1).

In her Complaint, Crooks seeks only the MCEMA statutory damages of $500 per violation, reasonable attorneys' fees and costs, and pre-judgment and post-judgment interest on all sums awarded. (ECF No. 6 at 13.) She does not claim any other injury. (*Id.*)

On January 9, 2026, Coty removed this action to this Court pursuant to the Class Action Fairness Act. (ECF No. 1.) On January 23, 2026, Coty filed the pending Motion to Compel Arbitration and, in the Alternative, to Dismiss. (ECF No. 17) On February 2, 2026, Crooks filed the pending Motion to Remand. (ECF No. 21.) In addition to their briefings on these two Motions, the parties have also filed three Notices of Supplemental Authority, which the Court has reviewed. Specifically, on April 10, 2026, Coty submitted the March 25, 2026,

decision of Chief Judge Russell of this Court, dismissing a similar MCEMA putative class action (also filed by Crooks's attorneys) for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).[1] (ECF No. 29 (citing *Scott v. Bloomingdales, LLC*, GLR-25-3661, 2026 WL 820600, at *1 (D. Md. Mar. 25, 2026)).) On April 15, 2026, Crooks filed as supplemental authority a remand order of the United States District Court for the District of Washington issued on March 30, 2026. (ECF No. 30 (citing *Nuri v. True Religion Apparel*, No. 25-cv-00690-LK, 2026 WL 864886 (W.D. Wash. Mar. 30, 2026)).) Most recently, on May 8, 2026, Crooks filed as supplemental authority the Memorandum Opinion and Order of Judge Rubin of this Court, which was issued this past Monday, May 4, 2026. That case ordered remand in another MCEMA putative class action filed by Crooks's attorneys. (ECF No. 31 (*Mulanena v. Ulta Salon, Cosmetics & Fragrance, Inc.*, JRR-25-3753, 2026 WL 1214932, at *1 (D. Md. May 4, 2026)).)

## STANDARD OF REVIEW

A defendant may remove any state civil case to federal court if the plaintiff could have originally brought the case in federal court. 28 U.S.C. § 1441(a); *Franchise Tax Bd. of Cal. v. Constr. Laborers Vacation Tr.*, 463 U.S. 1, 7–8 (1983). In other words, for removal to be proper, the federal court must have original jurisdiction over the case despite being filed in state court. If a case was "not properly removed, because it was not within the original jurisdiction of the United States district courts, the district court must remand it to the state court from which it was removed." *Franchise Tax Bd.*, 463 U.S. at 8 (citing 28 U.S.C. § 1447(c)). A defendant who removes a case bears the burden of establishing both that the federal court has jurisdiction and that the removal is procedurally correct. *Pressl v. Appalachian Power Co.*, 842 F.3d 299, 302

---

[1] Of note, that case did not involve a motion to remand.

(4th Cir. 2016) (citing *Dixon v. Coburg Dairy, Inc.*, 369 F.3d 811, 816 (4th Cir. 2004)); *see also* 28 U.S.C. § 1446 (removal procedures).

In considering a motion to remand, courts typically strictly construe the removal statute and resolve doubt in favor of remanding a case to state court. *See Mulcahey v. Columbia Organic Chems. Co.*, 29 F.3d 148, 151 (4th Cir. 1994). The typical presumption does not apply in cases removed pursuant to CAFA, however, which "Congress enacted to facilitate adjudication of certain class actions in federal court." *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 89 (2014) (internal citations omitted).

A plaintiff may challenge a defendant's removal by filing a motion to remand in the federal court to which the case has been removed. 28 U.S.C. § 1447. When the basis of the motion to remand is that the federal court lacks subject matter jurisdiction, the motion is timely so long as it is filed before the federal court enters a final judgment. *Id.* § 1447(c).

### ANALYSIS

Coty removed this case pursuant the Class Action Fairness Act,[2] asserting that this Court has original jurisdiction over Crooks's putative class action.[3] (ECF No. 1.) As the proponent of removal, Coty bears the burden of demonstrating federal jurisdiction. *Pressl*, 842 F.3d at 302 (citing *Dixon*, 369 F.3d at 816). In her Motion to Remand (ECF No. 21), Crooks raises no argument as to the particulars of CAFA jurisdiction. That is, she does not argue that

---

[2] The Court notes that Coty's argument that Congress, in enacting CAFA, intended class actions to be adjudicated in federal court, *see* (ECF No. 25 at 3–4), is irrelevant to the question of Article III standing, which is an "irreducible constitutional minimum" over which Congress cannot legislate. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992).

[3] Under CAFA, a federal district court has jurisdiction if (1) the amount in controversy exceeds the sum or value of $5,000,000, exclusive of interests and costs, and (2) is a class action in which any member of a class or plaintiffs is a citizen of a State different from any defendant, provided that (3) the number of all members of all proposed plaintiff classes aggregates to one hundred or more. 28 U.S.C. § 1332(d).

her Complaint lacks an amount-in-controversy above $5,000,000, diversity of citizenship between Coty and at least one member of the putative plaintiff class, or that the putative plaintiff class has fewer than one hundred people. *See* 28 U.S.C. § 1332(d) (CAFA jurisdiction requirements). Instead, Crooks argues solely that this case must be remanded because Coty cannot meet its burden of proving Article III standing. (ECF No. 21.) More specifically, she contends that Coty cannot prove that her Complaint alleges a concrete injury in fact which would give her standing to sue in federal court. (*Id.* at 2–4.) As the Court previously noted, Crooks's argument for remand mirrors the arguments raised by her counsel in other MCEMA cases in the District of Maryland. *See Mulanena*, 2026 WL 1214932, at *1; *Asabre*, 2022 WL 4326536, at *2. If a federal court determines that it lacks subject matter jurisdiction over a case that has been removed from state court, the case must be remanded to state court. 28 U.S.C. § 1447(c); *Wells v. Johnson*, 150 F.4th 289, 297 (4th Cir. 2025).

The Constitution extends the judicial power of Article III courts to "cases" and "controversies." U.S. Const. art. III, § 2, cl. 1. For there to be an Article III case or controversy, the plaintiff must have standing—in other words, "'a personal stake in the case.'" *TransUnion LLC v. Ramirez*, 594 U.S. 413, 423 (2021) (quoting *Raines v. Byrd*, 521 U.S. 811, 820 (1997)). A plaintiff has standing for Article III purposes when (1) she has suffered an injury in fact that is concrete, particularized, and actual or imminent; (2) the injury was likely caused by the defendant; and (3) the injury would likely be redressed by judicial relief. *Id.* (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992)).

"Article III standing requires a concrete injury even in the context of a statutory violation." *Spokeo, Inc. v. Robbins*, 578 U.S. 330, 341 (2016). Notably, "an injury in law is not an

injury in fact." *TransUnion*, 594 U.S. at 427; *Garey v. James S. Farrin, P.C.*, 35 F.4th 917, 921 (4th Cir. 2022) ("[P]laintiffs cannot establish a cognizable injury simply by pleading a statutory violation."); *Trichell v. Midland Credit Mgmt., Inc.*, 964 F.3d 990, 999, n.2 (11th Cir. 2020) ("[Courts] cannot treat an injury as 'concrete' for Article III purposes based only on Congress's say-so."). As the Supreme Court has explained, a plaintiff alleging a statutory violation lacks an Article III injury unless she can show that she has been "*concretely harmed* by a defendant's statutory violation." 594 U.S. at 427 (emphasis in original).

Plaintiffs alleging an intangible harm by way of a statutory violation can establish an injury in fact by "'identify[ing] a close historical or common-law analogue for their asserted injury" for which courts have 'traditionally' provided a remedy." *Garey*, 35 F.4th at 921 (quoting *TransUnion*, 594 U.S. at 425). At bottom, an intangible harm must still be "concrete." Said differently, the harm must "'exist' in the real world." *TransUnion*, 594 U.S. at 426 (quoting *Hagy v. Demers & Adams*, 882 F.3d 616, 622 (6th Cir. 2018)).

As this Court has previously decided on essentially identical facts, including in Judge Rubin's very recent decision in *Mulanena*, a plaintiff does not have an Article III injury in fact when she claims that a company violated the MCEMA by sending emails with subject lines claiming to offer "free gifts" or discounts. *See Mulanena*, 2026 WL 1214932, at *7; *Asabre*, 2022 WL 4326536, at *2. In *Mulanena*, the plaintiffs and putative class representatives, who are represented by the same counsel representing plaintiff in this case, alleged that the defendant, a large beauty company, violated the MCEMA when they sent emails with subject lines advertising the availability of "free gifts." *Id.* at *1. When the plaintiffs opened the body of the emails, however, they found conditions to receiving those alleged gifts. *Id.*

The plaintiffs filed suit in the Circuit Court for Frederick County, Maryland, where they claimed that the emails violated the MCEMA and sought statutory damages of $500 per violation, plus attorneys' fees, costs, and interest. *Id.* The defendant removed the case to this Court pursuant to this Court's diversity jurisdiction, 28 U.S.C. § 1332, as well as CAFA, *id.* §§ 1332(d), 1453(b). *Mulanena*, 2026 WL 1214932, at *1. The plaintiffs filed a motion to remand, arguing that the defendant could not meet its burden of proving Article III standing, specifically due to a lack of a concrete injury in fact. *Id.* This Court granted the motion to remand. *Id.* In its decision, the Court relied on *TransUnion* and concluded that the MCEMA violations alleged by the plaintiffs were intangible, statutory harm that did not amount to a concrete injury in fact. *Id.* at *3–7.

*Mulanena* also followed a 2022 decision of Judge Grimm of this Court, *Asabre v. Retail Services & Systems, Inc.*, PWG-22-148, 2022 WL 4326536, at *2 (D. Md. Sept. 19, 2022). In that case, this Court ruled that no Article III injury in fact existed in a putative class action (also filed by the same counsel for plaintiffs in this case) under the MCEMA in which the plaintiff received emails from Total Wine with subject lines offering discounts but where the body of the email contained conditions on those discounts. *Id.* at *2.

Additionally, *Mulanena* relied on two recent cases of the United States District Court for the Western District of Washington, which concerned almost identical fact patterns and alleged violations of Washington's Commercial Electronic Mail Act. *See Nuri v. True Religion Apparel*, No. 25-cv-00690-LK, 2026 WL 864886 (W.D. Wash. Mar. 30, 2026); *Montes v. Catalyst Brands LLC*, No. 25-CV-0281-TOR, 2025 WL 3485827, at *3 (E.D. Wash. Dec. 4, 2025). Notably, the MCEMA is modelled on and "virtually identical to" the Washington law at issue

in both *Nuri* and *Montes*. *Mary CLE, LLC v. First Choice Internet, Inc.*, 890 A.2d 818, 841 (Md. Ct. App. 2006). In each of those recent cases of the Western District of Washington, both of which were decided within the past five months, that court ruled that the allegations of statutory violations in those complaints did not rise to the level of concrete injury in fact sufficient to create Article III standing. *See Nuri*, 2026 WL 864886, at \*3; *Montes*, 2025 WL 3485827, at \*3.

Uniformly, in each of these four cases—which represent the most recent caselaw on this particular issue—the district court ruled that a plaintiff's claim for statutory damages alone on the basis of a company's allegedly misleading or false emails in violation of a state commercial electronic mail law did not amount to a concrete injury in fact for the purposes of Article III.

This case is no different. Crooks alleges that Coty sent her and other members of the putative plaintiff class emails with false or misleading subject lines in violation the MCEMA. (ECF No. 6 ¶¶ 3–5, 8.) She seeks statutory damages of $500 per violation. (*Id.* at 13.) She alleges no other harm. Crucially, she does not claim that the messages were unsolicited or intrusive. (ECF No. 27 at 6.) In fact, she "asserts that she wants to continue to receive emails from [Defendant]." (*Id.*) "[S]he just does not want those emails to have deceptive subject lines." (*Id.*) Put simply, Crooks alleges only statutory harm without any injury that exists in the "real world." *TransUnion*, 594 U.S. at 426. Under the Supreme Court's clear precedent in *TransUnion* and as recognized by this Court and the Western District of Washington on a "virtually identical" state statute, Crooks's Complaint lacks any allegation that would rise to the level of concrete harm required for Article III standing.

In their Response to the Motion to Remand (ECF No. 25), Defendants attempt to avoid this conclusion by pointing to one sentence of the Complaint that reads: "[B]y sending ["free gift" emails] with false and misleading information to [Crooks] and [other putative class members], Defendant clogs email inboxes with false information and violates [Crooks's and others' right] to be free from deceptive commercial emails." (ECF No. 6 ¶ 9.) This argument fails to adequately prove an injury in fact. *TransUnion* explains that an intangible harm, such as the one Crooks alleges, can be concrete if there is a traditional historical analogue to that type of harm in American courts. *TransUnion*, 594 U.S. at 425. Coty does not make any argument for any relevant traditional harm. Its argument fails on that basis alone. However, this Court in *Mulanena* considered multiple historical harms as analogical to the concept of false or misleading email. *Mulanena*, 2026 WL 1214932, at *4. The Court found each of those arguments unavailing. *Id.*

In an alternative argument, Coty argues that if the Court were to find that Crooks has not alleged an injury in fact, then the Court must find that this lawsuit is preempted by federal law.[4] (ECF No. 25 at 5.) A number of courts, including this Court in *Mulanena*, have considered and rejected the exact same preemption argument. *See Mulanena*, 2026 WL 1214932, at *7 (collecting cases). The United States Court of Appeals for the Fourth Circuit has also made abundantly clear that a preemption argument "does not provide an exception to the plain meaning of § 1447(c)," which mandates remand when a federal court lacks jurisdiction. *Wells*

---

[4] Defendants specifically allege that this case is preempted by the Controlling the Assault of Non-Solicited Pornography and Marketing Act ("CAN-SPAM"), 15 U.S.C. §§ 7701–7713.

*v. Johnson*, 150 F.4th 289, 308 (4th Cir. 2025); *Roach v. W. Virginia Reg'l Jail & Corr. Facility Auth.*, 74 F.3d 46, 49 (4th Cir. 1996).

In sum, Coty cannot meet its burden of proving that Crooks has Article III standing to support federal jurisdiction because the Complaint alleges statutory harm alone without any concrete harm to Crooks or any other member of the putative plaintiff class. Accordingly, this Court lacks subject matter jurisdiction and must remand this case to the Circuit Court for Baltimore City. *See Wells*, 150 F.4th at 308 ("[W]hen a federal district court lacks jurisdiction in a case removed from state court, it cannot dismiss. It must instead remand the case to state court."). The Motion to Remand (ECF No. 21) is GRANTED. Coty's Motion to Compel Arbitration and, in the Alternative, to Dismiss (ECF No. 17) is therefore DENIED AS MOOT.

## CONCLUSION

For the reasons stated above, it is this 8th day of May, 2026, hereby ORDERED that:

1. Plaintiff Myesha Crooks's Motion to Remand (ECF No. 21) is GRANTED;

2. This case shall be REMANDED to the Circuit Court for Baltimore City, Maryland;

3. Defendant Coty DTC Holdings, LLC's Motion to Dismiss (ECF No. 17) is DENIED AS MOOT;

4. This case shall be CLOSED; and

5. The Clerk of Court shall transmit copies of this Memorandum Order to counsel of record.

/s/

Richard D. Bennett
United States Senior District Judge

11